THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN P. HERRICK, Relator, v. THE BOARD OF SUPERVISORS OF THE COUNTY OF ALLE-GANY, NEW YORK, Respondent.

*Publication of election notices — when the publisher must select from matter fur-nished to him by the county clerk that portion required to be published and publish it only — the publisher need not occupy with it the least possible space.*

Where the county clerk of a county delivers to the publisher of a newspaper, which has been designated to publish the statutory election notices, a quantity of matter, with instructions to publish only that portion thereof which is necessary to comply with the Election Law, the publisher assumes the

PEOPLE ex rel. HERRICK v. BD. OF SUPERVISORS. 41

App. Div.]          FOURTH DEPARTMENT, MAY, 1905.

responsibility of preparing from the material delivered to him a proper election notice and of publishing the same.

He is not entitled to publish at the expense of the county all the matter delivered to him by the county clerk, and if he does so he is only entitled to receive a reasonable compensation for that portion thereof which the Election Law requires shall be published.

In publishing such a notice the publisher is not required to employ such language or form as would result in having the notices occupy the least possible space consistent with the requirements of the law.

CERTIORARI issued out of the Supreme Court and attested on the 11th day of January, 1904, directed to the board of supervisors of the county of Allegany, N. Y., commanding the said board to certify and return to the office of the clerk of the county of Allegany all and singular its proceedings had in relation to the audit of the account of the relator for printing in his newspaper, *The Bolivar Breeze*, the election notice for the county of Allegany for the year 1903.

*Fred A. Robbins* and *Clarence A. Farnum*, for the relator.

*J. C. Leggett* and *A. L. Elliott*, for the respondent.

McLENNAN, P. J. :

From the statement of facts in the return, which must be regarded as true, it appears that the relator's newspaper, *The Bolivar Breeze*, was legally designated by the defendant as one of the two newspapers to publish the election notices for the year 1903 in and for the county of Allegany. It is conceded and so returned that the proper number of publications was made, and that the price per folio for such publication, to wit, seven dollars and twenty-five cents, was proper.

The sole difference between the parties arises over the quantity of matter printed, or rather what should have been printed under the authority or instructions given to the relator in the premises.

Concededly, the relator printed an alleged election notice covering 131 folios, and if such notice as printed was authorized, or if necessary or required under the Election Law, the relator's claim is correct and should have been allowed by the defendant. The return, however, clearly shows that the notice as published contained much matter in excess of what was necessary or what was required

by the Election Law, and the controversy arises over the fact as to whether or not the notice as published was authorized by the defendant, and, if not, what part thereof should be paid for by it. The notice as published by the relator consisted of the election notice filed by the Secretary of State in the office of. the clerk of the county, with letters sent to the town clerks of the twenty-nine towns of the defendant county, and also the entire text of chapter 147 of the Laws of 1903, making for this statute alone over three columns of printed matter, to which the relator affixed the name of the Secretary of State and added the certificate of the county clerk to the effect that the said county clerk had compared said notice of election with the original, and that it was a correct transcript thereof. The return shows that the material published was delivered to the relator by the county clerk, but that when so delivered it was not, and was not intended to be, in form for publication; that the relator was told in substance to publish such matter only as was necessary to comply with the Election Law, and it appears that the publication of the mass of stuff which was published was wholly unauthorized, was unnecessary in order to make an election notice which would in all respects comply with the requirements of the Election Law.

Under the circumstances we think that the relator assumed the responsibility of preparing from the material delivered to him a proper election notice and of publishing the same; that he was not authorized to publish at the expense of the county all the matter which was delivered to him by the county clerk, or which came into his possession in the manner above indicated; but that notwithstanding, having published a notice which complied with the law and one which answered the purposes of the county, he is entitled to a reasonable compensation therefor. It is impossible to determine with any degree of accuracy exactly what space the relator would have been justified in using in printing the election notice in question. It is quite possible, as determined by the defendant, that fourteen folios would have been sufficient to cover and include the necessary matter, but we think the relator, under the circumstances, was not required to employ such language or form as would occupy the least possible space and still comply with the law. We have concluded, however, after a careful examination of all the facts, that forty folios would have been sufficient for the

purpose, after making due allowance for any difference in the wording or phraseology of such notice; that within such space there could have readily been embodied all the facts required by the Election Law by the exercise of the most ordinary care and attention. A notice consisting of forty folios at the agreed price, to wit, $7.25 per folio, would amount to $290, and this amount we think the relator is entitled to recover against the defendant, with interest from the 11th day of January, 1904, but without costs of this appeal.

All concurred.

Determination of the board of supervisors modified so as to allow the claim of the relator at the sum of $290, with interest thereon from the 11th day of January, 1904, and as so modified said determination is confirmed, without costs to either party.